IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.  Criminal Action No. 5:97CR42-01
(STAMP)
ERNEST COLLINS,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR CONCURRENT SENTENCING
AND SETTING SENTENCING HEARING**

On April 21, 2005, the defendant in the above-styled criminal action appeared before this Court on an October 2002 petition for revocation for violation of his supervised release. At the hearing, this Court granted the defendant's motion for a delay in sentencing pending a memorandum by the defendant supporting his motion for concurrent sentencing. Accordingly, this Court heard testimony from Probation Officer Leslie A. Stocking, found that there was sufficient evidence to justify a revocation, accepted the admission by the defendant of the charges set-forth in the petition for revocation and deferred sentencing the defendant pursuant to his motion for concurrent sentencing.[1] On May 4, 2005, the defendant filed a memorandum of law in support of his motion for concurrent sentencing. The United States filed a response on May 10, 2005.

---

[1] See Order Making Factual Findings dated April 22, 2005.

On November 18, 1997, this Court sentenced defendant Ernest Collins ("Collins") to one year and one day imprisonment, and three years of supervised release. Collins served his sentence and was released. On March 14, 2000, a petition for revocation of supervised release was issued, and Collins was sentenced to serve four months imprisonment and 32 additional months of supervised release. On June 24, 2002, while on supervised release, the defendant was indicted by a grand jury in Hancock County, West Virginia, for delivery of a controlled substance, and on September 23, 2002, he pled guilty and was sentenced to one to five years of imprisonment. On October 17, 2002, the defendant's federal probation officer filed a petition for a warrant alleging that the defendant had violated the terms of his supervised release as a result of positive drug tests and his state conviction. The warrant was executed on March 23, 2005.

In his motion for concurrent sentencing, the defendant argues that the United States unreasonably delayed its petition for revocation of supervised release after learning of the defendant's state indictment. The defendant argues that the government did not act on its detainer until the defendant was released from state custody in violation of his right to due process and speedy disposition of the petition for revocation. Further, the defendant argues that he was prejudiced by the government's inaction because the West Virginia Parole Board refused to consider his parole while the United States detainer was pending. The defendant contends

that, had the government acted on the detainer in a timely fashion, he may have been granted parole as soon as he was eligible.

The United States responds that the defendant's liberty interest was not implicated until after the defendant was released from state custody and the warrant for revocation was executed. <u>Citing</u> <u>Moody v. Daggett</u>, 429 U.S. 78, 87 (1997)(no liberty interest until warrant executed). The government argues further that the defendant was not prejudiced with regard to the parole board's decision because the defendant voluntarily waived his right to a hearing before that board. <u>See</u> Gov't's Resp., Attach. 1.

A delay in the execution of a violator's warrant for revocation may frustrate his due process rights if the delay undermines his ability to contest the issue of the violation or to proffer mitigating evidence. <u>See</u> <u>United States v. Tippens</u>, 39 F.3d 88, 90. However, a defendant has no right to a revocation hearing until his warrant has been executed and the parolee has been taken into custody. <u>See</u> <u>Moody</u> at 87-89. In light of the evidence that the defendant waived his hearing before the parole board, this Court finds that the defendant has made an insufficient showing of prejudice to support his contention that delay violated his due process rights. Further, the defendant has no constitutional right to have his sentence on revocation of supervised release run concurrent with his state sentence.

Accordingly, the defendant's motion to impose a concurrent sentence for violation of his supervised release is hereby DENIED.

The parties in the above-styled criminal action are hereby ORDERED to appear for the sentencing phase of the defendant's revocation hearing on **May 31, 2005, at 4:15 p.m.** at the Wheeling point of holding court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant, to counsel of record herein, to the United States Marshals Service and to the United States Probation Office.

DATED:   May 23, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
